### DANFORD O. FRENCH

*vs.*

### EASTERN TRUST AND BANKING COMPANY.

### Washington.  Opinion April 30, 1898.

*Bank.  Deposit.  Mistake.  New Trial.*

In an action to recover the amount of a deposit claimed to have been made by the plaintiff in the defendant bank, and which was disputed by the bank, the issue being exclusively one of fact, *the court considers*, taking into consideration the evidence offered in support of the motion for a new trial upon the ground of the defendant's newly-discovered evidence, as well as that introduced at the trial, that the verdict for the plaintiff was clearly wrong and that a new trial should be granted.

In this case it appeared that the plaintiff having an account with the bank made a deposit of $100, on October 13, 1892, which was duly credited to him upon his pass-book and upon the books of the bank. Under the same date an entry of another item of the same amount was made by the bank officer upon the pass-book to the plaintiff's credit but was not credited to him on the bank's books, and is the item here in suit. The plaintiff did not claim that this second sum of $100 was deposited on the day of its date, but did claim that in the fall of 1893 when he made a deposit of $35, he sent the sum of $100 by his wife to be deposited; that this sum was deposited, but that it was never credited to him upon the bank's books. The plaintiff and his wife were people of limited and few financial transactions, and had no recollection whatever whether this claimed deposit was made in currency or by check. He was a light-house keeper and lived with his wife on an island at such a distance from the bank that the wife's journey there and back to make the deposit could not be completed in one day; but neither was able to fix the time, nor even the month, when, as they claimed, the deposit was made.

On the other hand, the system of book-keeping, and the manner of doing business, including the use of deposit tickets, used at the bank, rendered it improbable that an honest error could long remain undiscovered; and a deposit that had been omitted through inadvertence would have shown itself in the cash, when the books and cash were balanced daily at the close of business. During this period of time there was no cash over, or deposits entered by mistake to the credit side of another person's account. The newly-discovered testimony showed that the statements of both the plaintiff and his wife were inconsistent with their position and testimony at the trial.

By reason of this newly-discovered testimony in its connection with all the

circumstances of the case, the unsatisfactory character of the plaintiff's testimony and the extreme improbability that such a mistake could have been made by the employees of the bank and remain undiscovered, *held;* that the verdict for the plaintiff was wrong.

ON MOTIONS BY DEFENDANT.

This was an action of assumpsit on account annexed, in which the plaintiff recovered a verdict and the defendant moved for a new trial under a general motion and also on the ground of newly discovered testimony.

The case is stated in the opinion.

*H. H. Gray,* for plaintiff.

*J. F. Lynch and W. R. Pattangall,* for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

WISWELL, J. The plaintiff kept an account with the Machias Branch of the Eastern Trust & Banking Co. On October 13, 1892, he made a deposit of $100, which amount was duly credited to him upon his pass-book and upon the books of the bank. Under the same date an entry of another item of the same amount was made by the manager of the banking company upon the pass-book to the plaintiff's credit. It is not claimed by the plaintiff that this second sum of $100 was deposited by or for him on the day of its date upon his pass-book; but he does claim that in the fall of 1893, sometime prior to October 21st, 1893, when he made a deposit of $35, he sent the sum of $100 by his wife to be deposited; that this sum was deposited, but that it never has been placed to his credit upon the bank's books. Nor was it entered upon his pass-book, unless the second entry made under date of October 13th, 1892, was in fact made at the time of this claimed deposit.

At the trial of this suit to recover the disputed item, together with an admitted balance, the jury returned a verdict for the plaintiff for the full amount claimed. The case comes to the law court upon two motions for a new trial, one because the verdict was against the weight of the evidence, and the other because of newly-discovered evidence.

The testimony of the plaintiff and of his wife is not particularly satisfactory. Although they were people of limited and few financial transactions, they had no recollection whatever as to whether the claimed deposit was made in currency or by check. The admitted deposit upon October 13, 1892, was, as shown by the deposit slip, by a check upon another bank for $160 of which $60 was taken in currency and the balance deposited. And, although the plaintiff as the keeper of a light-house, lived with his wife on an island at such a distance from Machias that the wife's journey there and back for the purpose of making this deposit could not be completed in one day, neither she nor her husband was able to fix the time, nor even the month, when as they claim the deposit was made. She was also unable, although inquired of with considerable persistency, to state any other fact or circumstance connected with her journey, which would have any tendency either to verify or contradict her story.

Upon the other hand, the system of book-keeping and manner of doing business adopted at the bank were such that it was extremely improbable, to say the least, that an honest error could long remain undiscovered. The books and cash were balanced each day at the close of business. All deposits were first entered upon the deposit slips, which are kept and subsequently posted. During this period there had been no "cash over" upon the balancing of the books and cash each night, except of inconsiderable amounts. If a deposit had not been credited through inadvertence, it would have shown in the cash when the books and cash were balanced at the close of business; and if by a mistake a deposit had been placed to the credit of another person, it would in all probability have been discovered long before the time of the trial.

It is rather a strange coincidence that the manager should have given the plaintiff credit upon his pass-book for two deposits of $100 each, one of which entries is admitted to have been a mistake, and that this is the same amount which the plaintiff claims to have deposited about a year later receiving no credit either upon the bank's books or the pass-book. It seems to us not improbable that the erroneous entry under date of October 13th, 1892, was the origin of the plaintiff's present claim.

It would not be profitable here to analyze or to refer in detail to the testimony of the witnesses called in support of the motion upon the ground of newly-discovered testimony. It is sufficient to say that this testimony, if believed, shows statements of both plaintiff and his wife entirely inconsistent with their position and testimony at the trial.

By reason of this testimony in connection with all the circumstances of the case, and in view of the unsatisfactory character of the testimony in the plaintiff's behalf, and the extreme improbability that such a mistake could have been made by the employees of the bank and remain undiscovered, we are forced to the conclusion that the verdict was wrong.

If the case should be tried again, the plaintiff should exercise great diligence in fixing, with as much definiteness as is possible, the time when this claimed deposit was made, as this will enable the defendant, by a production of its books and deposit slips, either to rectify an error, if one has been made, or to prove with much certainty that its position is correct.

*Motions sustained.    New trial granted.*